W. SHARP, Judge,
concurring specially.
Were it not for the fact that the state’s ease against Colon was so strong (including the eyewitness identification of him as the armed robber of a Little Champ convenience store), I would be inclined to reverse.
The trial court granted the defense’s motion in limine to bar the state from introducing evidence Colon had been released from juvenile detention on the day this crime was committed. Colon’s alibi was that he specifically recalled being at home with his family the night of the robbery and that he had been talking on the phone with his girlfriend. During closing argument, the prosecutor east considerable doubt on Colon’s ability to remember exactly what he was doing on that particular night when nothing “special” had happened “on Thursday the 10th, Friday the eleventh ...” However, the prosecutor as well as the judge, the defense and defendant (all but the jury) knew that it had been a special day to Colon because he had just been released from detention. Thus he quite likely could have recalled what he was doing that first night home.
To impeach a defendant on the basis of a hypothetical fact fact situation known to the state to be untrue strikes me as unfair tactics. However, I vote to affirm the case because of harmless error. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).